# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:09CV68-RLV-DSC

| | |
|---|---|
| MARTHA HANDY,<br>      Plaintiff, | )<br>)<br>) |
| vs. | )   **MEMORANDUM AND RECOMMENDATION** |
| | ) |
| MICHAEL J. ASTRUE,<br>**Commissioner of Social**<br>**Security Administration,**<br>      Defendant. | )<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings" (document #9) and "Memorandum of Law" (document #10), both filed December 1, 2009; and Defendant's "Motion for Summary Judgment" (document #11) and "Memorandum in Support of the Commissioner's Decision" (document #12), both filed January 4, 2010. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

On October 26, 2004, Plaintiff filed an application for a period of disability and Social Security disability benefits ("DIB"), alleging she was unable to work as of April 1, 2004 as the result of "arthritis, lupus, bronchitis, asthma, and back pain" (Tr.79). Plaintiff's claim was denied initially

and upon reconsideration.

Plaintiff filed a timely Request for Hearing, and on September 20, 2007 a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated February 12, 2008, the ALJ denied Plaintiff's claim, finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date; that Plaintiff's adjustment disorder/depression, anxiety, pain disorder, asthma, complaints of lupus and irregular heartbeat, history of carpal tunnel surgery, and gynecological complaints were not severe impairments; that Plaintiff suffered from multiple sclerosis and degenerative disc disease of the spine which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1; that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform light work[2] that did not require exposure to unprotected heights and hazardous machinery or concentrated exposure to dust, fumes, and gases; that Plaintiff could perform her past relevant work as an accounting specialist, which was sedentary work; and that, accordingly, she was not disabled.

By notice dated April 9, 2009, and after considering additional evidence submitted by

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2]"Light" work is defined in 20 C.F.R. § 404.1567(b) as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

2

Plaintiff, the Appeals Council denied her request for further administrative review.

Plaintiff filed the present action on June 14, 2009. On appeal, Plaintiff assigns error to the ALJ's evaluation of a non-treating, non-examining Agency physician's opinion, the ALJ's determination that Plaintiff's depression, cervical stenosis, herniated disc, and right thumb arthritis were not severe impairments, and his determination that she could perform the fingering and concentration required in her past job as an accounting specialist. Plaintiff also assigns error to the Appeals Council's decision that a letter from one of Plaintiff's treating neurologists was not grounds for remand. See Plaintiff's "Memorandum of Law." at 3-6 (document #10). The parties' dispositive motions are ripe for determination.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the

3

Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[3] In her first assignment of error, Plaintiff argues that the ALJ improperly evaluated the Agency physician's opinion that she had a limited ability to handle

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

and finger. The Fourth Circuit has held that the opinion of a non-examining physician cannot constitute substantial evidence if the opinion is contrary to the other evidence in the record. Hayes v. Gardner, 376 F.2d 517, 520-521 (4th Cir. 1967). The Court has also determined that the opinion of a non-examining physician, standing by itself, does not amount to substantial evidence supporting the decision of the Commissioner. Martin v. Secretary Department of Health, Education and Welfare, 492 F.2d 905, 908 (4th Cir. 1974). Further, the Administration's own policy is that an ALJ is not bound by an Agency physician's opinion, and need only consider such an opinion to the extent that it is supported by the evidence in the case record. 20 C.F.R. § 404.1527(f) (2009).

On June 30, 2005, the Agency physician reviewed the medical records that were then in the administrative record and found that Plaintiff could perform the requirements of medium work: frequently lift twenty-five pounds, occasionally lift fifty pounds, and sit and stand/walk for about six hours each in an eight-hour day. (Tr. 212). The doctor also concluded that Plaintiff could engage in frequent but not continuous handling and fingering bilaterally. (Tr. 214).

After that assessment was made, however, the Administration received an additional fifty pages of medical records (Tr. 2, 246-296), and the ALJ conducted a hearing, during which Plaintiff testified about her impairments and functional limitations. (Tr. 572-603). After considering all of the evidence in the record, the ALJ determined that Plaintiff had the RFC to perform the requirements of light work: lift/carry twenty pounds occasionally and ten pounds frequently, stand/walk for six hours in an eight-hour day, and occasionally engage in postural activities. (Tr. 23). The ALJ added that Plaintiff needed to avoid exposure to unprotected heights and hazardous machinery as well as concentrated exposure to dust, fumes, and gases. (Tr. 23).

A review of the ALJ's RFC determination reveals that he did not adopt any part of the Agency physician's opinion, but in large part placed greater restrictions on Plaintiff, that is, light rather than medium work. (Tr. 22-23, 212-214). Contrary to Plaintiff's argument, the ALJ did not err when he decided not to follow the Agency physician's assessment. While the Agency physician concluded that Plaintiff could perform medium work that allowed for frequent[4] but not continuous handling and fingering (Tr. 212, 214), the doctor made that assessment without the benefit of reviewing the majority of the neurological records (Tr. 254-262, 269-282, 290-296) or hearing Plaintiff's testimony. (Tr. 572-603). Moreover, Plaintiff, who bears the burden of proof on the issue, has not identified any medical evidence or hearing testimony that corroborates the Agency physician's determination that she was restricted to frequent and not continuous handling and fingering. As such, this opinion was not consistent with the evidence in the record, and the ALJ was under no obligation to accept the doctor's finding.

In her second assignment of error, Plaintiff claims that the ALJ should have found that her depression, cervical stenosis, herniated disc, and right thumb arthritis were severe impairments. At step two of the sequential evaluation process, the claimant bears the burden of establishing that her impairment is severe. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). In order to carry that burden, the claimant must produce medical evidence that demonstrates that she has an impairment or a combination of impairments that significantly limit her physical or mental ability to perform basic work activities.[5] 20 C.F.R. § 404.1520(c) (2009); SSR 85-28. In the present case, after

---

[4] Frequent means occurring one-third to two-thirds of the time. Social Security Ruling ("SSR") 83-10.

[5] Basic work activities include: 1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; 2) capacities for seeing, hearing, and speaking; 3) understanding, carrying out, and remembering simple instructions; 4) use of judgment; 5) responding appropriately to supervision, co-workers, and

evaluating the evidence in the record (Tr. 18-22), the ALJ determined that Plaintiff's multiple sclerosis and degenerative disease of the spine were severe impairments. (Tr. 18). The ALJ also concluded that Plaintiff's adjustment disorder/depression, anxiety, and pain disorder were medically determinable impairments. However, he further concluded that they were not severe impairments, since none of those conditions either singly or in combination caused more than minimal limitations to her ability to perform basic mental work activities. (Tr. 18). As part of this determination, the ALJ evaluated Plaintiff's alleged mental impairments according to the special criteria set out in 20 C.F.R. § 404.1520a, and concluded that she had mild limitations in her activities of daily living, social functioning and concentration, persistence and pace, and she experienced no episodes of decompensation. (Tr. 18-19). The ALJ added that Plaintiff's asthma was well controlled on medication, her complaints of lupus and occasional skipping of her heart rhythms were not well documented, there were no significant symptoms of carpal tunnel disease during the relevant period, and her complaints of menorrhagia and fibroids were sporadic rather than ongoing, and did not result in more than minimal functional restrictions. (Tr. 20). Therefore, the ALJ concluded that Plaintiff's history of carpal tunnel surgery, asthma, and gynecological complaints were not severe impairments. (Tr. 20).

Plaintiff asserts, however, that her depression was a severe impairment because she was restarted on Zoloft in 2004, and that she was unable to concentrate. Plaintiff also contends that the Agency physician found that she had a limited ability to concentrate, and that one of her treating neurologists, Dr. Trefts, determined she suffered from depression, which along with her significant pain and fatigue, made it difficult for her to engage in gainful employment.

---

usual work situations; and 6) dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b) (2009).

The evidence that Plaintiff references fails to establish that her alleged depression was disabling or even met the definition for a severe impairment. First, while Plaintiff was prescribed Zoloft on June 7, 2004, the prescription was given to her after she specifically requested that medication. (Tr. 191). A review of Plaintiff's medical records also reveals that her mental status examination findings were invariably normal. (Tr. 180, 185-186, 210, 255, 274-275, 281, 293, 318, 333, 370, 469, 472, 474-479). As for Plaintiff's hearing testimony about her ability to concentrate (Tr. 598-599), the ALJ evaluated the testimony, and concluded that her statements were not entirely credible (Tr. 24-25), a finding that Plaintiff has not challenged. The ALJ also explained that while the Agency doctor opined that Plaintiff had a moderate restriction in that functional area, Dr. Detrick's consultative examination revealed no more than minimal deficits in attention and concentration. The ALJ gave Dr. Detrick's assessment greater weight, as he had the opportunity to actually examine Plaintiff. (Tr. 19).

Lastly, the ALJ evaluated Dr. Trefts' opinion that Plaintiff could not engage in gainful employment (Tr. 210), and determined that his opinion was entitled to little weight. (Tr. 25). The Fourth Circuit has established that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of the alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178,

8

citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

The ALJ based his conclusion on the fact that Dr. Trefts failed to discuss any specific clinical findings or functional limitations that would support a finding that Plaintiff was disabled, and the doctor's notation that Plaintiff had significant pain, depression, and fatigue was not documented on a consistent basis in her clinical notes. (Tr. 25). On appeal, Plaintiff has not identified any evidence in the record that demonstrates that Dr. Trefts' opinion was entitled to controlling weight. Plaintiff also contends that she had documented arthritis in her right thumb and hand deformities. (Pl. Br. at 5). The mere diagnosis of an ailment, however, says nothing about the severity of the condition. See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Here, Plaintiff has failed to reference any evidence that demonstrates that her right thumb arthritis or hand deformities significantly limited her physical ability to perform basic work activities, and therefore, she has failed to carry her burden of establishing the presence of a severe impairment.

Plaintiff further maintains that the ALJ's decision was flawed because he did not separately discuss her cervical stenosis and herniated cervical disc. The ALJ found, however, that Plaintiff's degenerative disease of the spine, a condition that encompasses those conditions, was a severe impairment.

In short, substantial evidence supports the ALJ's determination of Plaintiff's severe impairments and this assignment of error must be overruled as well.

Plaintiff next argues that the ALJ erred in his determination that she could perform the fingering and concentration required to perform her past work as an accounting specialist. To determine whether a claimant can return to her past relevant work, the ALJ must compare her RFC to the physical and mental demands of the work that she has done in the past. 20 C.F.R. §

9

404.1560(b) (2009). In making this decision, the ALJ will also consider whether the claimant retains the RFC to perform the job duties of her particular past relevant work, or whether the claimant's RFC allows her to perform the duties of her past job as they are performed in the national economy. SSR 82-61. Most importantly, at step four of the sequential evaluation process, the burden is on the claimant to establish that she has a physical or mental impairment, which precludes her from performing her past relevant work. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

In the present case, the ALJ determined that Plaintiff had the RFC to lift/carry twenty pounds occasionally and ten pounds frequently, and stand/walk for about six hours in an eight-hour day. (Tr. 23). The ALJ also concluded that Plaintiff could occasionally engage in postural activities, but she should avoid exposure to unprotected heights and hazardous machinery as well as concentrated exposure to dusts, fumes, and gases. (Tr. 23). The ALJ then considered Plaintiff's description of the duties of her past work, and determined that the job was performed at the sedentary to light range in terms of lifting and carrying and the sedentary level in terms of standing and walking. (Tr. 25). After comparing Plaintiff's RFC with the physical and mental demands of her past work as an accounting specialist, the ALJ determined that she could return to her past relevant work, and thus, she was not disabled. (Tr. 25).

Plaintiff contends that the ALJ failed to consider the non-exertional requirements of her past work, "which required constant keyboarding and the ability to focus on the data entry at a production pace." As she has with her other assignments of error, Plaintiff has failed to cite to any evidence which supports her argument that she was unable to constantly keyboard or focus on data entry at a production pace.

Further, a review of the evidence in the record contradicts Plaintiff's position that she is

unable to engage in the non-exertional requirements of her past job. Dr. Pennington determined on February 3, 2004, that there was no "objective evidence of permanent impairment of the hand." (Tr. 134). On February 2, 2005, Dr. Kovacich observed that Plaintiff was alert and oriented, her mentation was appropriate, she had no synovial abnormalities, and her hand and wrist range of motion were within normal limits. (Tr. 180, 182). Dr. Detrick found on February 4, 2005, that Plaintiff knew the date, location and reason for her examination, she could name the current and four most recent Presidents, five large cities and her date of birth, she could identify recent major news stories, she could recall five digits backward and seven digits forward, she could name two of three objects after three minutes, and her attention and concentration were only minimally impaired, if at all. (Tr. 185-186). On November 29, 2006 and March 21, 2007, Dr. Trefts concluded that Plaintiff was alert and oriented to four spheres, her strength was rated as five out of five throughout, and her coordination and sensation were intact. (Tr. 210, 255). In addition, Veronica Abbott, Nurse Practitioner at WFUP Neurology, observed on September 24, 2007 that Plaintiff was alert and oriented to three spheres, she was able to follow commands well, her attention, concentration, memory, and fund of knowledge were intact, her motor strength was rated as five out of five in all extremities, and her coordination and sensation were intact. (Tr. 293).

These objective findings in the medical record are more than sufficient to support the ALJ's determination that the fingering and concentration requirements of Plaintiff's past relevant work were consistent with her present RFC. Accordingly, the ALJ's conclusion that Plaintiff could perform her past relevant work is supported by substantial evidence and this assignment of error must also be overruled.

Finally, Plaintiff devotes three sentences of her brief to argue that additional evidence she

submitted to the Appeals Council, including a letter from another of her treating neurologists, Dr. Runheim, warrants remand for a new hearing. Plaintiff's "Memorandum of Law." at 6 (document #10). After the ALJ rendered his decision, Plaintiff submitted approximately two hundred and seventy-five pages of evidence to the Appeals Council, including Dr. Runheim's letter stating that Plaintiff is disabled. (Tr. 4, 297-571). The Appeals Council reviewed this evidence, and determined that it did not provide a basis for changing the ALJ's decision. (Tr. 5-6).

In order for a reviewing court to remand a case to the Commissioner for the consideration of additional evidence, the evidence must be new, material, and there must be good cause for failing to present the evidence earlier. See 42 U.S.C. § 405(g); Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 95-96 (4th Cir. 1991); and Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir.1990). For evidence to be considered "material," it must be shown that there is a reasonable possibility that the additional evidence would have changed the outcome of the decision. Wilkins, 953 F.2d at 96, citing Borders v. Heckler, 777 F.2d 954, 956 (4th Cir. 1985).

Plaintiff has failed to establish any error in the Appeals Council's decision because she has not demonstrated that the evidence submitted to the Appeals Council provided a basis for changing the ALJ's decision. Indeed, at most, Dr. Runheim's opinion was merely cumulative of Dr. Trefts' opinion. As discussed above, the ALJ properly declined to give controlling weight to Dr. Trefts' opinion that Plaintiff was disabled and Dr. Runheim's letter provides no basis for overturning that decision.

In short, although the medical records establish that Plaintiff experienced pain and mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538

F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994), citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). This is precisely such a case, as the record contains substantial evidence to support the ALJ's evaluation of Plaintiff's RFC and ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings" (document #9) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #11) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also

preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Richard L. Voorhees.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: January 7, 2010

David S. Cayer
United States Magistrate Judge